407 A.2d 883

**COMMONWEALTH of Pennsylvania**

v.

**Edward BOERNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 1978.

Decided July 18, 1979.

Petition for Allowance of Appeal Granted Oct. 26, 1979.

170

Andrew J. Achman, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following non-jury trial and adjudication of guilty of driving under the influence of alcohol. "Vehicle Code", Act of 1976, June 17, P.L. 162, 75 Pa.C.S. § 3731(a)(1). Pertinent facts are that appellant was arrested at the scene of an accident in which appellant's vehicle, with him behind the wheel, had left the roadway after hitting a truck. The investigating township police officers personally observed that Boerner was staggering and incoherent, and the odor of alcohol was prominent about him. They removed him to the State Police barracks for a breathalyzer test, the result of which was a finding of .28% alcohol in the blood. Following the completion of preliminary court proceedings, the District Attorney's office notified appellant that he would be considered for the Accelerated Rehabilitative Disposition (ARD) program and set a hearing date. Prior to said date, appellant was again arrested for drunk driving. The ARD office notified appellant that it was withdrawing his case from consideration under the program and cancelled the scheduled hearing date. Subsequently, the second charge resulted in acquittal, and appellant sought to reapply to the program.

This was refused by the ARD office, and appellant's case went on to trial.

Before us he argues error below in that the Commonwealth denied him his equal protection of the laws and due process rights by refusing to consider him for ARD after it had first indicated that he was acceptable to the program and then cancelled the arrangements. We disagree. The applicable rules for ARD proceedings, *Pa.R.Crim.P.* Rules 175–185, make clear that it is wholly at the prosecution's discretion as to whether a criminal defendant will be considered for ARD. A notice in due form goes to the individual (Rule 177). At the scheduled hearing, the Commonwealth attorney moves for the admission of the defendant into the program, and the prospective acceptee is asked "*whether* he understands that: (1) *[a]cceptance into* and satisfactory completion of the accelerated rehabilitative disposition program offers him an opportunity to earn a dismissal of the charges pending against him; (2) [s]hould he fail to complete the program satisfactorily he may be prosecuted as provided by law; (3) [h]e must agree that *if he is accepted* into the program he waives [certain rights] . . . during the period of enrollment in the program." (Rule 178) Rule 179 goes on to state "when the defendant . . . indicates his understanding . . . , *requests that he be accepted* into the program, and agrees to the [terms explained] . . . ," and after certain enumerated procedural formalities and a statement that the defendant "accepts the conditions and agrees to comply", then "the judge *may grant* the motion for accelerated rehabilitative disposition . . . ." By emphasizing certain portions of the foregoing, we point to the intent of the rules to make acceptance into the program contingent upon the prosecution's motion therefor, the defendant's *knowing affirmation*, and the hearing judge's assessment of these factors and grant of the motion. A defendant has no right to demand acceptance into ARD; initiation of proceedings lies solely with the Commonwealth. See *Commonwealth v. Kindness*, 247 Pa.Super. 99, 371 A.2d 1346 (1977). Appellant's argument is misplaced because he was never accepted into ARD; therefore, the Common-

wealth's withdrawal of its intention to move for his acceptance did not deny him any right common to others similarly situated. Never accepted, he had no right to demand reacceptance.

■ Secondly appellant argues that the breathalyzer machine had, on the date of his test, not yet obtained Department of Health certification. Act of 1976, June 17, *supra*, 75 Pa.C.S. § 1547(c). This statute mandating certification became effective one day prior to the instant test. The particular machine used had been approved by the Department of Transportation, for use under the former legislation. Act of 1959, April 29, P.L. 58, 75 P.S. § 624.1. And it received current Health Department certification subsequent to the instant use. Thus it is clear that it was error to have admitted the breathalyzer results, but we hold such error harmless in light of the overwhelming testimonial evidence of appellant's intoxication, *infra*.[1]

■ Appellant attacks this testimony as to his drunken condition given by an arresting officer and the State Trooper who observed him while administering the breathalyzer test. These witnesses observed appellant's walk, which was staggering and gave the appearance that he needed assistance, his speech, which was slurred and incoherent, and furthermore they detected a strong odor of alcohol about him. Their conclusion was that appellant was intoxicated. Intoxication not being a condition outside the realm of understanding or powers of observation of ordinary persons, we hold that the testimony of these officers as to appellant's observed state of intoxication was proper. *Smart v. Liquor Control Board*, 16 Pa.Cmwlth. 37, 328 A.2d 923 (1974) and *Miller v. Exeter Borough*, 366 Pa. 336, 77 A.2d 395 (1951).

Judgment of sentence affirmed.

SPAETH, J., files a concurring and dissenting opinion.

1. A like result occurred in *Commonwealth v. Sweet*, 232 Pa.Super. 372, 335 A.2d 420 (1975), allocatur denied, upon similar facts, albeit that the approval lacking in *Sweet* was that of the Department of Transportation, now replaced by the provisions of 75 Pa.C.S. § 1547(c).

SPAETH, Judge, concurring and dissenting:

I agree with the majority that it was error to admit the results of the breathalyzer tests. However, I disagree that the error was harmless. In *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978), the Supreme Court said:

[I]n applying the overwhelming evidence test to determine if an error is harmless, a court may rely *only on uncontradicted evidence.* The uncontradicted evidence of guilt must be so *overwhelming, and the prejudicial effect of the improperly admitted evidence so insignificant by comparison, that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict. *Id.*, 476 Pa. at 417, 383 A.2d at 168 (emphasis supplied).

Here, appellant took the stand and denied that he could have been drunk. Another witness also testified that in his opinion appellant had not been intoxicated. The Commonwealth's evidence was not, then, "uncontradicted," as *Story* requires. Under the circumstances, the admission of the breathalyzer results could not have been harmless.*

---

* I also wish to repeat my objections to the ARD program as an unconstitutional delegation of power. *Commonwealth v. Kindness*, 247 Pa.Super. 99, 371 A.2d 1346 (1977) (SPAETH, J., dissenting).