419 A.2d 707

**COMMONWEALTH of Pennsylvania**

v.

**James Leslie COOK, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed April 18, 1980.

Paul J. Dellasega, Harrisburgh, for appellant.

Edgar B. Bayley, District Attorney, Carlisle, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and LOUIK, JJ.*

This is an appeal from a Judgment of Sentence of a conviction of the defendant for operating a vehicle while under the influence of alcohol. Appellant was involved in an automobile accident on November 23, 1977. When the

---

* Judge DONALD E. WIEAND is sitting by special designation. Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

patrolman arrived at the scene of the accident, he observed that Appellant had received injuries in a collision, and Appellant was taken by ambulance to a hospital. The hospital personnel conducted a blood alcohol test at the direction of the patrolman. The test was performed on an Automatic Clinical Analyzer (ACA Machine), and the results showed a .217. Appellant was then placed under arrest for driving under the influence of alcohol. Prior to the trial, Appellant sought to suppress the results of the ACA test on the ground that the machinery used was not approved by the Department of Health at the time of testing. The Motor Vehicle Code of June 17, 1976, P.L. 162, effective July 1, 1977, provided in § 1547(c) as follows:

*"Test results admissible in evidence.—*

In any summary proceeding or criminal proceeding in which the defendant is charged with driving a motor vehicle while under the influence of alcohol, the amount of alcohol in the defendant's blood, as shown by a chemical analysis of his breath or blood, which analysis was conducted with equipment of a type approved by the Department of Health and operated by qualified personnel, shall be admissible in evidence."

The machine used in the instant case had been in use in the hospital at least since 1974, and was subsequently approved in accordance with regulations issued in January 1978 by the Department of Health. The recent case of *Commonwealth v. Boerner*, 268 Pa.Super. 168, 407 A.2d 883 is analogous to the instant case. In the *Boerner* case, it was contended that the breathalyzer machine used on the date of the test had not yet obtained Department of Health certification, but was certified subsequently by the Department of Health. The Court there held that it was error to have admitted that breathalyzer test, but held further that such error was harmless in light of the evidence of that appellant's intoxication. The Court said:

"Secondly appellant argues that the breathalyzer machine had, on the date of his test, not yet obtained Department

of Health certification. Act of 1976, June 17, supra, 75 Pa.C.S. § 1547(c). This statute mandating certification became effective one day prior to the instant case. The particular machine used had been approved by the Department of Transportation, for use under the former legislation. Act of 1959, April 29, P.L. 58, 75 P.S. § 624.1. And it received current Health Department certification subsequent to the instant use. Thus it is clear that it was error to have admitted the breathalyzer results, but we hold such error harmless in light of the overwhelming testimonial evidence of appellant's intoxication, infra."

In the instant case, even if it were error to have admitted the blood test results, the situation is similar to *Boerner*. The testimony in the case was that one witness saw the defendant in the waiting room of the hospital staggering around and that he could not dial the telephone. This witness also testified that there was a strong smell of alcohol. The officer testified that the defendant told him he had had several beers–at least six; that there was a strong odor of alcohol; that the defendant was incoherent and uncooperative; and that his eyes were blood–shot. The officer had no uncertainty that the defendant was intoxicated. None of the testimony produced by the Commonwealth was contradicted. Therefore, in light of the uncontradicted testimony produced by the Commonwealth, the conviction was proper.

Judgment of sentence affirmed.

CERCONE, President Judge, and WIEAND, J., concurred in the result.