## Commonwealth v. Charles

464

*William Carlucci,* for the Commonwealth.

*John P. Campana, Robert Elion, Ronald Travis, Charles Knight, Peter Campana and Michael Rudinski,* for defendants.

. EN BANC, December 8, 1983 — This court has been called upon to decide the discretion the district attorney may exercise in recommending those charged with driving under the influence of alcohol for placement in the Accelerated Rehabilitative Disposition (ARD) Program. Defendants filed various documents[1] seeking to challenge the denial, by the district attorney's office, of the applications of defendants to be moved for placement into the ARD Program.[2] The court will consider each of these motions, except the Guinter motion, as motions contesting the discretion exercised by the Commonwealth in setting a blood-alcohol percentage above which a defendant with such a blood-alcohol percentage will not be recommended for the ARD Program. The Guinter motion contests the Common-

---

1. Defendant Hamm filed a motion to compel acceptance of ARD application. Defendants Burkholder, Guinter, Engle, Charles and Woodling filed motions to dismiss information. Defendant Felker filed a motion to compel. Defendants Steppe and Henderson filed a motion to dismiss criminal information.

2. Not all of defendants submitted applications to be moved for ARD. However, the district attorney stipulated that had the applications been submitted, they would have been denied for the same reason that those which were submitted were denied.

wealth's policy of considering factors other than those set forth in the statute in deciding whether to recommend that a defendant be placed in the ARD Program.

The Commonwealth conceded at argument that its office policy is to reject any ARD application if the defendant applying had a blood-alcohol percentage of at least .20 at the time he or she was tested. This is not the sole criterion to which the district attorney's office looks, but once it is determined that an applicant had a blood-alcohol percentage of .20 or above, the application is rejected without further consideration. It is for this reason that the ARD applications of all defendants except Guinter were or would have been denied. In the Guinter case the defendant's blood-alcohol percentage was .18, but the district attorney denied his application because he was also charged with another offense. Guinter was charged with reckless endangerment, because he almost caused an accident.

The issues before the court may be framed as follows:

(1) Under the law of the Commonwealth, is the district attorney's office permitted to consider factors other than those enumerated in the statute in considering whether to recommend the placement of a defendant in the ARD Program?

(2) If the attorney for the Commonwealth has this discretion, does he abuse his discretion by not approving any ARD application in a case where a defendant has a blood-alcohol percentage of .20 or above or where defendant is charged with an offense other than those listed in the statute?

(3) Do the district attorney's standards violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution?

## DISCUSSION

Counsel for defendants assert that under the Vehicle Code, 75 Pa.C.S. §101 et seq., the attorney for the Commonwealth has no alternative but to recommend the placement of an offender who does not fall within the exclusions set forth in 75 Pa.C.S. §3731(d), into the ARD Program. On the other hand, the Commonwealth argues that the statute does not use this mandatory language, and, in fact, it adopts the Pennsylvania Rules of Criminal Procedure which allow the attorney for the Commonwealth discretion in recommending ARD.

The language of the statute which provides for the establishment of the ARD Program in Driving Under the Influence cases is found in 75 Pa.C.S. §1552, which states:

"The court of common pleas in each judicial district and the Municipal Court of Philadelphia shall establish and implement a program for Accelerated Rehabilitative Disposition for persons charged with a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) in accordance with the provisions of this chapter and rules adopted by the Supreme Court."

This is the only statutory language dealing with the implementation of an ARD Program. No section of the Vehicle Code expressly requires the district attorney's office to accept a particular application for ARD in a particular factual situation.

The only section of the Vehicle Code dealing with the propriety of ARD in a particular case is section 3731(d), which forbids the use of the ARD program in three situations: (1) where defendant was previously placed in ARD for driving under the influence or found guilty of driving under the influence, (2) where defendant committed any act in connec-

tion with the present offense which constitutes a violation of certain offenses specified in Vehicle Code §1542, or (3) where an accident occurred in connection with the present offense which caused a death or serious injury. Counsel for defendants assert that, because the statute enumerates certain instances where the Commonwealth may not recommend ARD, in all other cases the offender must be recommended for ARD. In other words, they contend that the attorney for the Commonwealth has no alternative but to approve an application for ARD unless the offender falls within one of the categories listed in section 3731(d) of the Vehicle Code.

The court rejects the interpretation of the statutory language suggested by defendants. A more logical reading of the statutory language indicates that the Commonwealth does have some discretion in determining which cases to move for ARD consideration. Vehicle Code §1552 requires only that an ARD Program be established and implemented. It does not indicate under what circumstances the district attorney must move for a person to be placed in the ARD Program. Likewise Vehicle Code §3731(d), which sets forth the circumstances under which the attorney for the Commonwealth may not move for a defendant to be placed in ARD, does not indicate the bounds of the district attorney's discretion. Most importantly, section 3731(d) does not state that the only dispositions which are prohibited are those enumerated by the statute.

It is clear, then, that the district attorney's discretion is not expressly circumscribed by the Vehicle Code. No section of the code mandates that the attorney for the Commonwealth move a particular defendant for ARD in a particular situation. Thus, defendants' argument that the statute on its face eliminates prosecutorial discretion in ARD situa-

tions is incorrect. The Commonwealth's discretion to recommend an application for ARD is absolute so long as that discretion is not abused.

To summarize, we have concluded that it is within the district attorney's discretion to establish criteria, other than those found in section 3731(d), for submission of DUI cases for Accelerated Rehabilitative Disposition. Consequently, the court must determine whether the challenged criteria represent an abuse of that discretion, or, in the alternative, whether these criteria violate constitutional standards for equal protection of the laws. We will discuss these two standards of review separately, turning first to the challenge which is not based on constitutional grounds.

Initially, the court must address the limits of the Commonwealth's discretion. The attorney for the Commonwealth argues that its discretion may be exercised to the extent that it need not recommend any DUI defendants for ARD consideration. We disagree. Section 1552 of the Vehicle Code requires the court of each judicial district to "establish and implement" an ARD Program. Certainly, the legislature could not have intended that ARD programs would be established, yet, through unlimited prosecutorial discretion, no DUI defendants would be recommended for placement in the programs. We cannot conclude that the legislature enacted legislation, intending it to be useless or ineffective.

Given our conclusion that some DUI offenders must be moved for ARD under the statute, the question remains as to when the attorney for the Commonwealth has abused his authority by failing to move an offender for ARD. The term, "abuse of discretion" is defined as a failure to exercise a sound reasonable, and legal discretion; a clearly erroneous conclusion and judgment; a discretion exercised to

an end or purpose not justified by, and clearly against, reason and evidence. Black's Law Dictionary, Fifth Ed. It is apparent that the district attorney's purpose in establishing additional criteria for ARD recommendations is to determine which aggravating circumstances render a DUI case inappropriate for recommendation for the ARD Program. In light of this purpose, we cannot conclude that the .20 percent blood-alcohol standard is totally unreasonable. As the district attorney argues, a .20 percent blood-alcohol level is indicative of a more than marginally intoxicated condition. Indeed it is twice the Blood Alcohol Content (B.A.C.) which can result in conviction of the offense of driving under the influence of alcohol or a controlled substance. 75 Pa.C.S. §3731(a)(4).

Defendants argue that the .20 percent standard is unjustified and unreasonable because they do not have an opportunity to prove that their BAC was lower when driving than at the time of measurement. Compare section 3731 (a)(4). The court realizes that some inequities may result from the use of an absolute standard regarding BAC at the time of measurement. We are concerned that the use of the strict .20 percent cut-off may, in certain cases, preclude from ARD consideration some defendants whose BAC at the time of driving was lower than .20 percent. However, the court is not satisfied that the use of the .20 percent standard amounts to an abuse of discretion. The issue is not whether the court would adopt a different standard, or would utilize the .20 percent standard more flexibly than the district attorney. Rather, we are limited to deciding whether the .20 percent standard, as applied, is clearly erroneous and unjustified. This we cannot do.

The court cannot agree that the Commonwealth should be required to prove, through testimony, that the blood-alcohol level of each rejected ARD applicant was at least .20 percent at the time of driving. Prosecutorial recommendation for ARD is a privilege, rather than a right. Pa.R.Crim.P. 175 through 185; Commonwealth v. Boerner, 268 Pa. Super. 168, 407 A.2d 883 (1979). Consequently, a defendant is not accorded the substantive and procedural safeguards which are necessary for a valid conviction. In sum, the court concludes that the district attorney need not prove that a defendant's blood-alcohol content was at least .20 percent at the time of driving.

Additionally, the court finds no abuse of prosecutorial discretion on the basis that a defendant with a .20 percent BAC measurement will not receive ARD consideration, yet he may be admitted into an ARD program in another county. Accelerated Rehabilitative Disposition programs have existed for many years in a number of Pennsylvania counties. We note that guidelines for admission into these ARD programs have varied significantly from county to county. However, the legislature has chosen to have each county establish an ARD program for DUI offenders, knowing that prosecutorial discretion would create differences among counties. Therefore, we cannot say that such disparate treatment as among counties, amounts to an abuse of the district attorney's discretion, or that it violates equal protection principles. Commonwealth v. Kindness, 247 Pa. Super. 99, 371 A.2d 1346 (1977).

The court finds no abuse of discretion in the district attorney's decision to not recommend those cases where defendant is charged with another offense. This is a reasonable criterion for determining which aggravated cases should not be diverted into

the ARD program. Again, we emphasize that defendant has no right to demand that his case be considered on an individual basis. The district attorney has discretion to establish categorical standards; so long as these standards have some reasonable and sound basis and relate to factors involved in the offense itself or the danger presented to society.

Although this issue is not presently before the court, we note that there would be no abuse of discretion in the district attorney's decision to not recommend for ARD those cases where defendant refused to submit to blood-alcohol testing. Defendant's blood-alcohol level may have been at least .20 percent, had he agreed to be tested. Moreover, the district attorney may conclude, not unreasonably, that such noncooperation with law enforcement authorities should result in a lack of consideration for the ARD Program.

The court must turn next to defendant's constitutional challenge to the district attorney's standards for ARD recommendation. We understand defendants' argument to be that these standards violate the Equal Protection Clause of the Fourteenth Amendment. Initially, the court notes that prosecutorial discretion, in and of itself, is not unconstitutional. Roush v. White, 389 F. Supp. 396 (N.D., Ohio, 1975). See 16A C.J.S. Constitutional Law §563, fn. 16.10. Judicial review of the exercise of prosecutorial discretion is limited to circumstances involving the deliberate use of a suspect classification, such as race or religion. Shade v. Commonwealth of Pa. Dept. of Transp. 394 F. Supp. 1237 (M.D., Pa., 1975). Obviously, defendants do not seriously challenge the district attorney's standards on suspect classification grounds. We turn, therefore,

to the remaining equal protection challenge, which also requires a high level of judicial scrutiny.

The district attorney's criteria would also violate equal protection principles if they had an adverse impact upon a fundamental right or interest of defendants, unless shown to be necessary to promote a compelling state interest. See Shapiro v. Thompson, 394 U.S. 618 (1969). The term "fundamental rights" is used to describe the most basic of individual rights, such as voting, Harper v. Virginia Board of Elections, 383 U.S. 663 (1966); interstate travel, Shapiro, supra; marriage, Zablocki v. Redhail, 434 U.S. 374 (1978); and procreation, Skinner v. Oklahoma, 316 U.S. 535 (1942). We conclude that defendants' fundamental right argument must also fail. As noted above, a criminal defendant does not have a right to be selected for Accelerated Rehabilitative Disposition. Boerner, supra. A fortiori, admission to the ARD program can hardly be termed a fundamental right.

Since the challenged criteria do not constitute suspect classifications or infringements upon a fundamental interest, we need not strictly scrutinize the criteria. Rather, if any further review is required, we must determine whether each of the criterion is rationally related to legitimate state interest. See Schweiker v. Wilson, 450 U.S. 221 (1981); Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307 (1976) (per curiam). The classifications inherent in the district attorney's standards must not be arbitrary or unreasonable. Kindness, supra. We find that this "rational basis" standard is substantially the equivalent of the "abuse of discretion" standard, discussed supra. Therefore, we need not reiterate that analysis and conclude, for the same reasons, that the district attorney's criteria are ra-

tionally related to the prosecution's interests in the ARD program.

## ORDER

And now, December 8, 1983, the motions of defendants are hereby denied.