## Commonwealth v. Swartz

*William T. Tully*, assistant district attorney, for the Commonwealth.

*Max J. Smith, Jr.*, for defendant.

DOWLING, J., May 11, 1984—Does the court have the discretion to remove one from the ARD program when he is charged with another offense of driving under the influence.

The ARD program was created by the Pennsylvania Supreme Court in the exercise of its supervisory power over the lower courts. The authorization is found in Pa.R.Crim.P. 175-85, 19 P.S.Appendix. A recent opinion of the United States District Court for the Middle District of Pennsylvania, Shade v. Pennsylvania Department of Transportation, 394 F.Supp. 1237, 1240 (1975) contained the following description of the program:

"The ARD program provides a means of suspension of formal criminal proceedings before conviction on the condition that the accused will do something in return, such as make restitution, participate in a rehabilitation program, undergo psychiatric treatment, hold certain employment, or otherwise modify his behavior. The ARD rules provide that after a defendant is held for court by an issuing authority or after an information or indictment, the district attorney sua sponte or at the request of defendant's attorney may move that the case be considered for ARD. The district attorney has the dis-

cretion to refuse to ask for ARD and to insist on prosecuting the defendant for the offense. Pa.R.Crim.P. 175 and 176. If the district attorney moves that the case be considered for ARD, a hearing is held in open court in the presence of the defendant at which the court determines: (1) whether the defendant agrees to the conditions of the ARD program, Pa.R.Crim.P. 178; and if so, (2) whether the judge will grant the Commonwealth's motion for ARD, Pa.R.Crim.P. 179. Thus, the district attorney and the county judge must both agree that the defendant should receive the benefit of ARD, thereby avoiding criminal prosecution.

Defendant was first arrested April 4, 1983, for Driving Under the Influence.[1] Because this was his first offense, he was placed in the Accelerated Rehabilitative Disposition (ARD) program on November 10, 1983, where he was given a probationary period of 12 months, his driving privileges were suspended for 90 days, and he was required to complete alcohol safe driving school requirements. Swartz was further ordered to pay fines and costs totalling $477. On February 25, 1984, he was arrested a second time for driving under the influence, whereupon the district attorney filed a motion to revoke him from the program. He had satisfactorily completed his probation conditions and has paid the fines and costs.

Defendant contends that his mere arrest without a conviction does not constitute a violation of any ARD condition which would permit the court to terminate him from the program. He argues with some logic that a mere arrest without conviction is not a

---

1. 75 Pa.C.S. §3731 as amended 1982, December 15, P.L. 1268 no. 289, §9.

violation of any probation conditions.[2] While this has a certain constitutional attractiveness, we are not seduced primarily because acceptance into the ARD program is at the discretion of the prosecution and the court. Defendant has no right to demand acceptance into ARD. Commonwealth v. Kindness, 247 Pa.Super. 99, 371 A.2d 1346 (1977); Commonwealth v. Boerner, 268 Pa.Super. 168, 407 A.2d 883 (1979).

In Commonwealth v. Brown, 281 Pa.Super. 348 (1980), it was held that defendant's probation can be revoked even though based on charges for which he has been acquitted.

Furthermore, the legislature has expressly provided in the Motor Vehicle Code that a person may be revoked from the ARD program if he "is charged with or commits any offense enumerated in Title 18. . . ." And while this does not specifically cover another drunk driving offense,[3] it does include such heinous crimes as displaying a soiled flag,[4] neglecting to support a bastard,[5] impersonating a public servant,[6] barratry,[7] contempt of General Assembly,[8] giving a minor cigarettes,[9] posting advertisements on property of another,[10] and dealing in military decorations.[11]

---

2. He waived his preliminary hearing on March 22, 1984. On April 26, 1984, he waived arraignment pleading not guilty and asking for a jury trial.
3. It could be argued that this was an oversight.
4. 18 Pa.C.S. §2101.
5. 18 Pa.C.S. §4323.
6. 18 Pa.C.S. §4912.
7. 18 Pa.C.S. §4109.
8. 18 Pa.C.S. §5110.
9. 18 Pa.C.S. §6306.
10. 18 Pa.C.S. §6503.
11. 18 Pa.C.S. §6703.

It should follow therefor that if one is charged with the commission of the same offense for which he was initially placed in the program, the court should have discretion to revoke him.

We think we do, and enter the following

## ORDER

And now, May 11, 1984, defendant, James L. Swartz, is revoked from the Accelerated Rehabilitative Disposition program.