RAUP, P.J.,
The instant motion in limine raises an issue as to the admissibility of the results attained by a preliminary breath test. Counsel for the Commonwealth invites the courts of this jurisdiction to admit preliminary breath test results as substantive evidence in underage drinking cases. We decline to accept this invitation.
FACTS
On June 26, 1990, Aron Haefner, 17 years of age, received a citation charging him with consuming alcoholic beverages while still under the age of 21. At a summary proceeding held before Magistrate John McDermott, on July 19, 1990, police officer Leonard Dincher testified that after detecting the odor of alcohol he required defendant to provide a sample of his breath for analysis by a portable “BT-3 Breath Alcohol Tester.” The officer then sought to introduce the “positive” result of the preliminary breath test device, allegedly indicating the presence of alcohol, as the sole support for his testimony. Haefner appealed from Magistrate *537 McDermott’s summary sentence involving a $100 fine and a suspension of his driver’s license.
Before this court, Haefner has raised a motion in limine to suppress the information regarding, and flowing from, the preliminary breath test. Since this holding is apt to have repercussions beyond the facts of this case, we have chosen to hear the instant matter en banc.

Presence of Alcohol

The Commonwealth argues that Wall v. Commonwealth, 114 Pa. Commw. 397, 539 A.2d 7 (1988) holds that the preliminary breath test can be used for the purpose of detecting the presence of alcohol; therefore, they assert, since the underage drinking statute does not impose a threshold amount,* the result of a device which is currently used to establish the presence of alcohol would be sufficient to convict an underage drinker. This argument fails to recognize the purpose for which the use of the preliminary breath test is authorized.
“The sole purpose of these testing devices is to assist the officer or patrolman in determining whether or not a person should be placed under arrest for violation of 75 Pa.C.S. §3731 (driving while under the influence of alcohol), or for violation of 30 Pa.C.S. §5502 (operating a watercraft while under the influence of alcohol.) After an arrest is made, the person can then be requested to submit to evidential chemical testing as authorized in 75 *538 Pa.C.S. § 1547(a) or 30 Pa.C.S. §5125(a).” 18 Pa. Bull. no. 50, December 10, 1980, at 5535. (emphasis supplied)
We find that the Commonwealth asks us to recognize the preliminaiy breath test result as scientific evidence, without satisfying either of the two alternative standards for the admissibility of scientific evidence.

Standards for Scientific Evidence

Scientific evidence “draws its convincing force from some principle of science, mathematics and the like.” Commonwealth v. Miller, 367 Pa. Super. 359, 363, 532 A.2d 1186, 1188 (1987), citing State v. Reed, 83 Or. App. 451, 732 P.2d 66 (1987)). In Pennsylvania, the Supreme Court has mandated that the party moving scientific evidence must present an “adequate foundation.” Commonwealth v. McGinnis, 511 Pa. 520, 524, 515 A.2d 847, 849 (1986). Our appellate courts have shown that a party may lay such a foundation by invoking a statute which expressly authorizes admission, or by establishing acceptance of the evidence in the scientific community from which a test spawned. Commonwealth v. Miller supra, citing Commonwealth v. Topa, 471 Pa. 223, 231, 369 A.2d 1277, 1281 (1977).

(A) By Statute

In McGinnis, supra, the Commonwealth sought to admit scientific evidence pursuant to a statute specifically authorizing certain forms. The McGinnis case also demonstrates the strict degree to which Pennsylvania courts construe the language of an “admitting statute.” It is clear, following this case, that only those devices named in the statute may be admitted without expert testimony.
*539 In the instant case, a preliminary breath test is authorized by statute only for use in establishing probable cause for an arrest for driving under the influence of alcohol, 18 Pa.C.S. §1547(k). We have neither the authority nor the inclination to extend this statute as authority for the admission of a preliminary breath test result as substantive evidence in an underage drinking case.

(B) Scientific Community

The second method of presenting an “adequate foundation” under McGinnis is to show that the proffered evidence has “the general acceptance of its validity by those scientists active in the field to which the evidence belongs.” Commonwealth v. Miller, supra, citing Commonwealth v. Topa, supra (results of horizontal gaze nystagmus test requires a foundation laid by expert testimony before it is admissible). The Commonwealth should be given the opportunity to establish this requisite “adequate foundation.”
CONCLUSION
While we recognize the need for a portable, expedient, and inexpensive method of testing for a violation of 18 Pa.C.S. §6308, the current device may not fill this need without expert testimony. Absent a statute, we will require expert testimony on which the court can assess an instrument’s reliability. Therefore, this court issues the following
ORDER
And now, October 24, 1990, it is ordered and directed that the evidence regarding the results of *540 the preliminary breath test shall not be admissible, unless the Commonwealth presents expert testimony at trial that establishes the reliability and general acceptance within the scientific community of the preliminary breath test.

 Title 18 Pa.C.S. §6308(a) states:
“Offense defined — A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages, as defined in section 6310.6 (relating to definitions).”