J-A32002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRUONG V. DUONG | |
| Appellant | No. 788 EDA 2014 |

Appeal from the Judgment of Sentence February 28, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014151-2012
MC-51-CR-0019063-2012

BEFORE:  PANELLA, J., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                        **FILED JUNE 06, 2016**

Appellant, Truong V. Duong, appeals from the judgment of sentence entered February 28, 2014, by the Honorable Anne Marie B. Coyle, Court of Common Pleas of Philadelphia County, following his conviction of Driving Under the Influence (DUI), 75 Pa.C.S.A. 3802(a)(1) and Criminal Mischief, 18 Pa.C.S.A. § 3304. This case comes back to us on remand from our Supreme Court with directions for us to consider this matter on the merits. We affirm.

At 11 p.m. on May 9, 2012, Philadelphia Police Officer Gretchen Flanagan was on routine patrol when she was flagged down by two witnesses who reported that a vehicle accident had occurred. The driver of

_____

[*] Former Justice specially assigned to the Superior Court.

the vehicle, Mamadou Bah, informed the officer that he was pulling into a parking space in the area of the 6500 block of Dicks Street when a white Chevrolet van driven by Duong struck Bah's occupied vehicle. Duong then fled the scene of the accident. The two witnesses to the accident followed Duong to a residence located at 6510 Dicks Street.

The two witnesses accompanied Officer Flanagan to 6510 Dicks Street where she observed a white van parked on the street outside of the residence. After Officer Flanagan instructed Duong, who was sitting on the couch, to produce his license, registration, and proof of insurance, he attempted to stand up two or three times and was unable to do so. When Duong finally approached the officer, she observed that Duong had extremely bloodshot eyes, and was staggering on his feet. Officer Flanagan also noticed Duong was slurring his speech and had a strong odor of alcohol emanating from his breath and person. Based upon Officer Flanagan's training and experience, she opined that Duong was "extremely, extremely intoxicated and had no business being behind a wheel of a car." N.T., Bench Trial, 2/28/14 at 14. After Officer Flanagan requested that Duong accompany her to the scene of the vehicle accident, Bah identified Duong as the driver of the white van that struck his vehicle. The two eyewitnesses also identified Duong as the driver of the white van.

Duong was subsequently charged with DUI and Criminal Mischief. Following a bench trial, the trial court convicted Duong of both charges. On

February 28, 2014, the trial court sentenced Duong to serve six months' probation.

Duong appealed and this panel affirmed Duong's judgment of sentence, finding Duong's issues raised on appeal waived for failure to include in the certified record the notes of appeal of the trial. ***See Commonwealth v. Duong***, No. 788 EDA 2014 (Pa. Super., filed March 27 2015) (unpublished memorandum). After entry of our decision, Duong filed an application for correction of the original record and an application for reconsideration. The panel granted the former, but denied the latter. Duong filed a petition for allowance of appeal to our Supreme Court, which was granted. The Supreme Court vacated our decision and remanded with instructions for us to consider this matter on the merits. ***See Commonwealth v. Duong***, 355 EAL 2015 (Pa., filed 2/29/16) (Order).

On appeal, Duong raises the following issues for our review:

Did the [t]rial [c]ourt below commit reversible error of law when it (1) found the Appellant Guilty of violating 75 Pa.C.S.A. 3802(a)(1) based on insufficient evidence and (2) Admitted the results of a chemical breath test without the proper foundation in violation 75 Pa.C.S.A. 3802?

Appellant's Brief at 6 (unnumbered).

The following standard governs our review of a challenge to the sufficiency of the evidence:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it

establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Mauz**, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (citation omitted). The factfinder, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. **See Commonwealth v. Valentine**, 101 A.3d 801, 805 (Pa. Super. 2014), **appeal denied**, 124 A.3d 309 (Pa. 2015). Furthermore, the Commonwealth may sustain its burden by means of wholly circumstantial evidence. **See Commonwealth v. Diggs**, 949 A.2d 873, 877 (Pa. 2008).

Duong was convicted under section 3802(a)(1) of the Motor Vehicle Code, which states:

§ 3802. Driving under influence of alcohol or controlled substance

(a) **General impairment.**--

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1). "[S]ubsection 3802(a)(1) is an 'at the time of driving' offense, requiring that the Commonwealth prove the following

- 4 -

elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

Although Duong concedes that he was involved in an accident and, thus, tacitly acknowledges that he was operating a vehicle, he maintains, "there is no evidence presented at trial that would lead a fact-finder to believe that [he] was under the influence at the time of driving." Appellant's Brief at 10 (unnumbered). Duong argues that Officer Flanagan's observations of his alleged intoxication after the accident occurred did not constitute proof that he was under the influence at the time of the accident. *See id*.

In *Segida,* the Pennsylvania Supreme Court described the types of evidence that the Commonwealth may offer to prove this element:

> Section 3802(a)(1), like its predecessor [statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.... The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two[-]hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and

- 5 -

probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

985 A.2d at 879.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find that the evidence presented at trial was sufficient to enable the factfinder to conclude that Duong was incapable of safely driving his vehicle due to the consumption of alcohol. The totality of the circumstances reveals that the accident occurred at approximately 11 p.m. *See* N.T., Bench Trial, 2/28/14 at 6. Officer Flanagan testified that her observation of Duong's slurred speech, staggering gate and the strong odor of alcohol emanating from his person occurred "[a] little bit after 11:00 [p.m.]." *Id*. at 11.[1] Officer Flanagan further testified that she did not observe any open bottles of alcohol around the couch or in the room in which Duong was sitting when she arrived at his residence shortly after the accident occurred. *See id*. at 12. Based on Officer Flanagan's observations of Duong minutes after the accident occurred, we conclude that the court properly found that the evidence was sufficient to prove that Duong

_____

[1] Duong's claim that Officer Flanagan did not visit his residence until approximately 45 minutes after the accident occurred is unsupported by the record.

operated his vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving in violation of section 3802(a)(1) of the Vehicle Code. *See Segida*.

Lastly, Duong argues that the trial court erred when it admitted the results of a breathalyzer test without establishing that the testing was conducted in compliance with 75 Pa.C.S.A. § 1547(c). *See* Appellant's Brief at 13 (unnumbered). Section 1547 sets forth the requirements for the admissibility of chemical test results in prosecutions involving an amount of alcohol or controlled substance.

A panel of this Court disposed of a similar claim in *Commonwealth v. Hilliar*, 943 A.2d 984 (Pa. Super. 2008). There, Hilliar argued that chemical test results should have been precluded because "the Commonwealth failed to show that the equipment and procedures themselves were approved by the Department of Health and that the equipment and procedures used in this case were the best equipment and procedures that science and technology would permit." *Id*. at 992.

The panel initially noted that, "[a]s a general rule, if a facility is approved by the Department of Health and listed in the Pennsylvania Bulletin, then the trial court may take judicial notice that the facility satisfies the requirements of Section 1547." *Id*. at 993. The panel continued:

> It is because a blood alcohol test is basic and routine and, therefore, highly reliable, that the safeguards ordinarily afforded by confrontation and cross-examination are not required. [A] party who believes that, notwithstanding a lab's state approval and publication in the Pennsylvania Bulletin, some error in

- 7 -

testing occurred, i.e., the improper timing of a test or an equipment malfunction, is free to present evidence of that error to rebut the inference created by judicial notice. *Only specific allegations of testing errors, and not general, boilerplate objections to the admission of the test results, will require the Commonwealth to provide evidence of the test's reliability other than by reference to the Pennsylvania Bulletin.*

*Id*. (emphasis added). Finding that the trial court took notice that the hospital which conducted the blood analysis was listed in the Pennsylvania Bulletin as an approved facility for blood testing and that Hilliar had not raised any specific allegation of testing errors, the panel concluded that the Commonwealth was not required to provide evidence to establish the test's reliability. *Id*. at 993-994.

Here, unlike in **Hilliar**, there is no evidence that the trial court took judicial notice that the facility that conducted the breathalyzer test was listed as an approved facility for testing in the Pennsylvania Bulletin.[2] We note, however, that Duong does not challenge whether or not the facility was an approved facility for blood testing, but rather, alleges only generally that the Commonwealth did not comply with Section 1547 "because the Commonwealth failed to introduce calibration and accuracy documents." Appellant's Brief at 8 (unnumbered). Guided by this Court's decision in **Hilliar**, we find that, in the absence of more specific allegations of error,

---

[2] We note that defense counsel stipulated that Philadelphia Police Officer Mark Menke, who administered the breathalyzer test and testified to the results, was certified to administer and testify to the test results. **See** N.T., Trial, 2/28/14 at 16.

such boilerplate language is inadequate to challenge the admission of test results under Section 1547.

Duong's reliance upon the Pennsylvania Supreme Court's decision in **Commonwealth v. McGinnis**, 515 A.2d 847 (Pa. 1986), is misplaced. In **McGinnis**, it was uncontroverted that the machine used to analyze the blood test had been modified prior to use, and thus the unit was not approved by the Department of Health for testing purposes. **See id**. at 850. On this basis, the Court concluded that the blood results were inadmissible. **See id**. The facts presented in **McGinnis** are clearly distinguishable from this case, where Duong has not alleged any specific allegation of testing error.

Even assuming, for the sake of argument, the breathalyzer results were admitted in error, we would agree with the trial court that the error was harmless. As noted, this Court's decision in **Segida** counsels that blood alcohol content evidence is not required for a conviction under Section 3802(a)(1). **See Segida**, **supra**, at 879; **see also**, **Commonwealth v. Griffith**, 32 A.3d 1231, 1238 (Pa. 2011) ("Although the Commonwealth may proffer evidence of alcohol level ... to establish that the defendant had imbibed sufficient alcohol to be rendered incapable of driving safely, it is not required to do so under subsection 3802(a)(1).... This is well-established, long-standing law in Pennsylvania."). Thus, Officer Flanagan's personal observations of Duong's intoxication shortly after he operated his vehicle would be sufficient under Section 3802(a)(1) even without the breathalyzer results.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2016