501 So.2d 18 (1986)
William DOOLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 86-1290.
District Court of Appeal of Florida, Fifth District.
December 18, 1986.
Rehearing Denied January 28, 1987.
Norman D. Levin, Longwood, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for respondent.
COBB, Judge.
Edward Dooley, Jr., has petitioned for certiorari review of an appellate opinion of the circuit court which reversed an order of suppression entered by the county court. We find that the circuit court deviated from essential requirements of law by substituting its factual determinations for those of the county court; therefore, we grant certiorari and quash the circuit court's decision. See Combs v. State, 436 So.2d 93 (Fla. 1983).
Dooley, charged with driving while impaired by alcohol, chemical substances or controlled substances, moved to suppress intoxilizer results, statements and other evidence flowing from his arrest. After hearing, the county court judge granted the motion and suppressed the evidence on the basis of his finding that the arresting officer did not have probable cause to arrest Dooley. The court specifically rejected as unreliable the testimony of the officer relating to the physical indicia of the defendant's impairment. This factual determination was the exclusive province of the trial judge. See City of Tallahassee v. Florida Public Service Commission, 433 So.2d 505 (Fla. 1983); State v. Garcia, 431 So.2d 651 (Fla. 3d DCA 1983); State v. Melendez, 392 So.2d 587 (Fla. 4th DCA 1981); Echols v. State, 201 So.2d 89 (Fla. 2d DCA 1967).
Pursuant to an appeal of the suppression order, the circuit court, en banc, issued an opinion dated March 5, 1985, wherein it recited, as established fact, the testimony *19 of the police officer relating to the defendant's physical appearance and impediments at the time of arrest. This testimony was rejected as unreliable by the finder of fact, and it could not be revived by an appellate panel.
Accordingly, we grant certiorari, and quash the opinion of the circuit court dated March 5, 1986.
QUASHED.
ORFINGER and SHARP, W., JJ., concur.