523 So.2d 1180 (1988)
STATE of Florida, Appellant,
v.
Charles FLOOD, et al., Appellee.
No. 87-686.
District Court of Appeal of Florida, Fifth District.
March 17, 1988.
Rehearing Denied April 26, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellant.
Flem K. Whited, III, Daytona Beach, for appellee Charles Flood, Miched Rizzo and Sheryl Trottier.
Michael Lambert, Daytona Beach, for appellees Palmer Panton and Charles Pelcher.
Horace Smith, Jr., P.A., and Dwight Chamberlin of Dunn, Smith & Withers, Daytona Beach, for appellee Thomas G. Hall.
Enoch J. Whitney, General Counsel, and R.W. Evans, Asst. General Counsel, Tallahassee, for amicus curiae Dept. of Highway Safety and Motor Vehicles.
COBB, Judge.
The issue in this case is whether the county court erred in determining that the results of a chemical breath test administered to several defendants were inadmissible.
After the eight consolidated defendants in this appeal were arrested, they submitted to a breath test conducted by the Volusia County Sheriff's Department, using an Intoximeter 3000 (I-3000) Breathalyzer machine. The defendants filed motions to suppress the results of the test on the grounds that the I-3000 had been substantially *1181 altered without the approval of the Department of Health & Rehabilitative Services (HRS).
At a hearing on the motions, the trial court heard expert testimony, pro and con, concerning the extent of modification of the machine subsequent to its initial certification on July 1, 1982. The court determined that there had "been enough change that this is a different machine and that consequently, the State must go through the full recertification process for this machine." The chemical breath tests of the modified machine were thus excluded, and the state appeals based on the county court's certification of the following question:
Whether modification of a component part of a previously certified breath-testing instrument requires re-certification of that instrument by the Department of Health and Rehabilitative Services before the alleged test results from said instrument may be admitted into evidence?
We answer the certified question in the affirmative.
The state raises three basic points on appeal: (1) recertification is not required by Florida statutes or HRS rules or regulations; (2) the county court went beyond its proper scope of review in determining that the I-3000 as modified must be recertified by HRS; and (3) there was a lack of substantial, competent evidence to support the county court's conclusion that the I-3000 as modified needed further testing and re-certification.

I.
The state asserts that recertification was not required by the Florida Statutes because "[t]here is no stated requirement in any Florida Statute that breath testing machines must be `recertified,' or even, for that matter, `certified.'" The state is technically correct in its assertion as to "certification" and the appellees agree. However, section 316.1932(1)(a), Florida Statutes (1985), provides in part:
(1)(a) Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state shall, by so operating such vehicle, be deemed to have given his consent to submit to an approved chemical test of his breath for the purpose of determining the alcoholic content of his blood, and to a urine test for the purpose of detecting the presence of chemical substances as set forth in s. 877.111 or controlled substances, if he is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages, chemical substances, or controlled substances.
(Emphasis supplied.) The statute further provides:
An analysis of a person's breath, in order to be considered valid under the provisions of this section, must have been performed substantially according to methods approved by the Department of Health and Rehabilitative Services. For this purpose, the department is authorized to approve satisfactory techniques or methods. Any insubstantial differences between approved techniques and actual testing procedures in any individual case shall not render the test or test results invalid.
§ 316.1932(1)(b)1 (emphasis supplied.) Consequently, the issue of approval of these machines is left to HRS per Florida statutory authority.
Florida Administrative Code Rule 10D-42.022 provides for HRS approval of chemical breath testing methods for determining blood alcohol content for evidentiary purposes. The I-3000 is listed as an approved chemical breath-testing instrument. See Fla. Admin. Code R. 10D-42.024(9). According to the state, there is no rule requiring a machine to be recertified each time a modification is made. Appellees counter:
The state's argument that re-certification is not required by statute or rule is a shallow argument in that it is admitted by all parties that recertification or re-approval is not mentioned. What is mentioned is approval, and that's exactly what Defendants are arguing to this Honorable Court. The Defendants have *1182 examined the machine that was used in their cases and allege that it is not the machine that is on the approved list and is, therefor [sic], not an approved machine pursuant to Section 316.1932, Florida Statutes.
The appellees, as did the trial court, rely on Commonwealth v. McGinnis, 511 Pa. 520, 515 A.2d 847 (Pa. 1986). In McGinnis, the defendant was arrested for operating a motor vehicle while driving under the influence of alcohol. A Breathalyzer test was administered, and the defendant attempted to have the results of the test suppressed, arguing that the test was conducted on a machine not approved by the Department of Health. The machine had been modified prior to use. The Supreme Court of Pennsylvania reversed the judgment of sentence and discharged the defendant, finding that while the unmodified machine was an approved testing device, it was uncontroverted that the modified machine was not approved by the Department of Health.
Under the rationale of McGinnis, the trial court, confronted with conflicting evidence, could properly determine as a factual matter that the chemical breath tests were inadmissible because the substantially modified I-3000 machine was not approved by HRS.

II.
Amicus curiae[1] contends that the scope of the county court's review must be limited to whether the law enforcement agency substantially complies with the rules and that great weight must be given to the rules and the meaning assigned to them unless the construction is "clearly erroneous." Appellees assert that the county court had jurisdiction "to hear whatever facts were available to make its decision as it relates to any allegation that there has been any non-compliance with HRS regulations."
In State v. Bender, 382 So.2d 697 (Fla. 1980), the supreme court determined that
when the prosecution presents testimony in evidence concerning motor vehicle driver intoxication which includes an approved alcohol test method by a properly licensed operator, the factfinder may presume that the test procedure is reliable, the operator is qualified, and the presumptive meaning of the test as set forth in section 322.622(2) is applicable.
Id. at 699; see also State v. Gillman, 390 So.2d 62 (Fla. 1980). The presumptions are rebuttable, and a defendant may in any proceeding attack the reliability of the testing procedures. Bender, 382 So.2d at 699. The supreme court in Bender further stated that
test results are admissible into evidence only upon compliance with the statutory provisions and the administrative rules enacted by its authority.
Id. In the present case, the appellees were attempting to demonstrate that the breath test results were inadmissible into evidence because the use of the I-3000 failed to comply with the administrative rules enacted by HRS, since the I-3000, as modified, was not approved by HRS. The appellees were permitted in the proceeding below to attack the reliability of the testing procedures by showing that the I-3000 as modified was not approved by HRS. Cf. Gargone v. State, 503 So.2d 421 (Fla. 3d DCA 1987); Beasley v. Mitel of Delaware, 449 So.2d 365 (Fla. 1st DCA 1984); State v. Potter, 438 So.2d 1085 (Fla. 2d DCA 1983).

III.
The state argues that there was no evidence presented demonstrating that further testing of the I-3000 was necessary. There was conflicting evidence on this point and a defense expert, Dr. Jensen, stated that he felt the modification was a significant change, requiring recertification. Factual determinations are the exclusive province of the trial judge. Dooley v. State, 501 So.2d 18 (Fla. 5th DCA 1986). Here, the trial judge had the opportunity to observe the witnesses at the suppression hearing, evaluate their credibility and credentials, and observe the modification of the I-3000. There was, therefore, substantial, competent evidence to support the *1183 county court's conclusion that the I-3000 required further testing.
Accordingly, the order of the county court is
AFFIRMED, and the certified question is answered in the affirmative.
SHARP, C.J., and ORFINGER, J., concur.
NOTES
[1] The Department of Highway Safety and Motor Vehicles on behalf of the state.