## STATE OF FLORIDA v SMITH

Case Nos. TO88-149651, 149652 and 149653

Ninth Judicial Circuit, Orange County

March 16, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

**Stuart I. Hyman,** for defendant.

### OPINION OF THE COURT

DOROTHY J. RUSSELL, County Judge.

### *ORDER GRANTING STATE'S MOTION TO STRIKE*

THIS CAUSE comes before the court on the State's Motion to

Strike Defendant's Motion in Limine with Regard to Breath Test, Motion in Limine with Regard to Intoxilyzer and Intoxilyzer Test Results, and Amended Motion in Limine with Regard to Intoxilyzer and Intoxilyzer Test Results.

## FACTS

The Defendant, DAVID B. SMITH, was arrested for D.U.I. on October 1, 1988, at which time he submitted to a breathalyzer on the Intoxilyzer 5000 with a resultant reading of .191 and .185 percent BAL.

On August 23, 1988, Howard R. Rarick, DR., P.H., M.P.H. Scientific Director, Florida Implied Consent Program of the Department of HRS had issued a CERTIFICATE OF APPROVAL on the Intoxilyzer 5000 SERIES-including the modification (accompanied by the H.R.S. Evaluation Report) upon which the State relies for admission of breath test results.

The Defendant argues that the I-5000 had been modified significantly thus requiring re-approval and re-certification; however, when HRS attempted to re-certify the machine, it did so pursuant to a document entitled "Requirements for approval of Alcohol Breath Testing Instruments" which was not properly promulgated as a "rule," pursuant to the Administrative Procedures Act (APA), Florida Statute 120.54—thus making the "rule" invalid.

The State argues that the Defendant's remedy lies in either exhausting the administrative remedies available or filing a Petition for Review in the appropriate District Court of Appeals under Florida Statute 120.68.

## LAW

To secure a uniform, efficient, and effective resolution of challenges to agency action, the Administrative Procedures Act (APA) provides an impressive arsenal of varied and abundant remedies to determine administrative error. The First District Court of Appeals in *State ex rel. Department of General Services et al. v Willis,* 344 SO.2d 580 (Fla. 1st DCA 1977) described the adequacy of the administrative process as one which subjects every agency to such scrutiny that it requires judicial freshening of the doctrines of primary jurisdiction and exhaustion of remedies, and greater judicial deference to the legislative scheme.

I holding that adequate remedies are available under the APA thus limiting the Circuit Court jurisdiction, the court examined the provi-

sion contained in subsections 120.54(4)(d) and .56(4), "Failure to proceed under this section shall not constitute a failure to exhaust administrative remedies," and concluded that the clause actually *enhances* remedies available under the Act rather than *encourage* circuit court intrustion into the administrative process. The quoted provisions are addressed not to circuit court but to district courts of appeal . . . The legislative purpose is simply to avoid any appearance of requiring a substantially affected party to initiate duplicate 120.54 or .56 proceedings if his rule challenge is regularly presented with other grievances under 120.57, resulting in final agency action and a petition for judicial review. *State of Florida ex. rel. Department of General Services et al., v Willis, Id.,* 591-592.

It is now well settled that where adequate administrative remedies are available it is improper to seek relief in the circuit court before those remedies are exhausted unless agency actions are "so egregious or devastating that the promised administrative remedies are too little too late." In holding that the Corporation was required to exhaust its administrative remedies, the First District Court of Appeals held that

CFC's allegation that the numerous and complex legal and factual issues . . . necessitated circuit court intervention, without more, undermines the very purposes of the APA, for it presupposes that a circuit court is a more appropriate forum for resolution of disputes which are particularly within the administrative agency's expertise. The Court said: ". . . in light of the ready acceptance of a DOAH hearing in order to resolve such legal and factual disputes between the parties, CFC's and Coquina's argument is unconvincing." *Communities Financial Corporation v Florida Department of Environmental Regulation,* 416 So.2d 813, (1st DCA 1983.) See also *The School Board of Leon County v Mutual,* 346 So.2d 562 (1st DCA 1977); *Tampa Port Authority v Dine,* 179 So.2d 416 (2d DCA 1965), *Greynolds Park Manor v Department of HRS,* 491 So.2d 1157 (1st DCA 1986).

More recently the First District Court of Appeals in a challenge to the Board of Optometry's rule implementing statute authorizing optometrists to administer certain drugs in the diagnosis and treatment of the human eye said:

It is apparent that the statutory scheme in Chapter 120 for invalidating agency rules contemplates that once a rule, or an agency statement or form that constitutes a rule under the definition in Section 120.52(1), *Florida Statutes* (1987), has been issued and acted or relied upon by the agency or members of the public in conducting

118

the business of the agency, the rule will be treated as presumptively valid, or merely voidable, and must be given legal effect until invalidated in a Section 120.56 rule challenge proceeding . . . to avoid the chaotic uncertainty that would necessarily flo from retroactively invalidating agency action taken in reliance on the presumed validity of its rule prior to a proper rule challenge proceeding holding the rule invalid. *State of Florida, et al. v Florida Society of Ophthalmology, et al.,* 14 FLW 403 (Fla. 1st DCA 1989).

The issue resolved in *State v Flood,* 523 So.2d 1180 (5th DCA 1988) was whether a previously certified breath testing instrument requires re-certification when that instrument undergoes modification after original certification. In that case the trial court permitted the Defendant to attack the reliability of the testing procedures by showing that the I-3000 as modified was not approved by HRS. A defense expert, Dr. Jensen, was presented at the Motion to Suppress. In the case at bar we have not reached that point. The State has sought to strike the Defendant's motion on the basis that there is a more efficient and tailored remedy for such challenges. This case is clearly distinguishable from *Flood,* however, as the Intoxilyzer 5000 *had* been re-certified on August 23, 1988 pursuant to 10D-42.22 (F.A.C.) and approved for use as having sufficient accuracy for evidential purposes; pursuant to the provisions of Florida Statutes, Chapter 316.1932(1)(b)1 and 316.1934(3) according to the CERTIFICATE OF APPROVAL.

In the case of *Department of Transportation v Blackhawk Quarry Company of Florida, Inc.,* 528 SO.2d 447 (5th DCA 1988), the mine owner challenged DOT's "pronouncements" through the Division of Administrative Hearing per Florida Statutes 120.56 wherein the hearing officer's decision was appealed to the District Court. The case as cited by the Defendant illustrates the requirement to have "rules" promulgated in compliance with APA or to be held invalid. This court would agree, but finds the *procedures* followed by the litigants even more illustrative of the procedure that *should* be followed in such a challenge for the more efficient, uniform administration of justice thus resulting in statewide application of the results.

Even if the rules were adopted after the Defendant submitted to testing, numerous courts have held that rules and regulations governing administration of chemical tests are procedural in nature and can be applied retrospectively; thus results of intoxilyzer test were admissible in a manslaughter case. *State v Fardelman,* 453 So.2d 1183 (5th DCA 1984). See also *House v State,* 474 So.2d 1193 (Fla. 1985), *Drury v Harding,* 461 So.2d 104 (Fla. 1984).

## CONCLUSION

In order to determine if the rules were promulgated properly and CMI Intoxilyzer 5000 was properly approved for use, the Department refers the Court to Federal Regulations Vol. 49 #242 (12/14/84), Federal Regulations Vol. 53 #41 (3/2/88), various sections of Rule 10D-42, Florida Administrative Code, Volume 14 in addition to numerous HRS certifications, rules, procedures, repair records, and electrical schematics. Because of the complexity of the rule-making and rule-challenging procedures, the rule challenge should be brought under APA, Florida Statutes 120.56.

This Court finds that the certification dated August 23, 1988, was in effect at the time the Defendant submitted to the test. That certification is provided per Florida Statute 316.1934 to permit admission of breath test results and the attendant presumptions.

If the Defendant wants to go behind that certification he must do so through a Chapter 120.57 administrative hearing or judicial review under Chapter 120.68. To require the county court to go beyond properly authenticated, facially valid documents to investigate agency procedures ad infinitum is to inject total chaos into the courts.

Florida Statutes 120 sets out an efficient means to challenge agency action. To require every Defendant to hire experts and to re-invent the wheel on each such challenge imposes a great burden and hardship on both the Defendant and State—an unnecessary hardship when the legislature has provided for a more far-reaching procedure that insures uniform adjudication for all defendants in the same posture state-wide. The attorneys in this cases and numerous other local county court cases in this circuit have spent many man-hours and dollars in pursuing these and other similar challenges.

The Defendant's and the public's right to have issues resolved in a timely manner is being thwarted. In this case, alone, the Defendant has filed between January 1, 1989 and February 23, 1989, six motions (four directed to the breathalyzer), been granted two continuances to prepare the case (November 1, 1988 and January 13, 1989), and more recently the State has requested a continuance to prepare for the more recent defense motions. In this time an Administrative hearing could have been completed and perhaps even a Chapter 120.68 judicial review to the District Court as well.

The Court further finds the agency actions are not so egregious that the administrative remedy would not provide an adequate remedy.

IT IS THEREFORE

120

ORDERED AND ADJUDGED that the State's Motion to Strike is GRANTED.

DONE AND ORDERED thi 16th day of March 1989 in chambers.