707 So.2d 769 (1998)
STATE of Florida, Appellant,
v.
Keith Garrett SNEAD, Appellee.
No. 95-03727.
District Court of Appeal of Florida, Second District.
January 9, 1998.
*770 Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Richard P. Albertine, Jr., Assistant Public Defender, Clearwater, for Appellee.
PATTERSON, Judge.
The State appeals from an order suppressing evidence of a firearm and cocaine found in Keith Snead's vehicle after a traffic stop. The trial court determined the stop was pretextual. We reverse.
In determining the validity of a traffic stop, the United States Supreme Court in Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), held that an objective test is to be applied, thereby overruling the reasonable officer test of State v. Daniel, 665 So.2d 1040 (Fla.1995). See Holland v. State, 696 So.2d 757 (Fla.1997). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren, 517 U.S. at 808, 116 S.Ct. at 1772. Thus, in "applying the objective test, generally the only determination to be made is whether probable cause existed for the stop in question." Holland, 696 So.2d at 759 (footnote omitted).
Here, Officer Ober, who stopped Snead's vehicle, testified that the taillight and brake light on the driver's side were inoperable. He issued Snead a traffic citation for "improper unsafe equipment." The evidence showed that the officer had probable cause to make the stop. No further inquiry into the officer's motivation for the stop is relevant under the objective test. See Holland, 696 So.2d at 760 (stating that "subjective viewpoints no longer factor into the analysis"). Therefore, we reverse the suppression order and remand for further proceedings.
Reversed and remanded.
PARKER, C.J., and NORTHCUTT, J., concur.