710 So.2d 1378 (1998)
Ike SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1728.
District Court of Appeal of Florida, Fifth District.
June 5, 1998.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Ike Scott (defendant) appeals his judgments and sentences which were entered by the trial court after he pled nolo contendere *1379 to the charges of possession of cocaine[1] and possession of drug paraphernalia.[2] Defendant contends the trial court erred in denying his motion to suppress contraband seized during a traffic stop. We disagree because probable cause to search both defendant and his vehicle arose during a lawful traffic stop. Accordingly, we affirm.
While driving his patrol car, an Ocala police officer observed defendant driving his Chevrolet automobile. The officer signaled for defendant to stop his car because the car's turn signal failed to flash. While the officer was writing the traffic citation, a K-9 unit arrived. When the dog alerted on defendant's car, the officer advised defendant that he had probable cause to search the car. After the officer told defendant to put his hands on the car, the dog alerted on defendant. A subsequent search of defendant and his car disclosed cocaine both in defendant's pocket and on the driver's seat of the car.
Defendant filed a motion to suppress the cocaine, arguing the officer did not have probable cause to stop his car and the subsequent searches of his car and his person were illegal because the stop was unduly prolonged before the K-9 unit arrived. The trial court denied the motion, concluding that neither of these contentions possessed merit. We agree.
An officer's decision to stop an automobile is legal when the officer has probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Here, the trial court determined that the officer's testimony that the turn signal on defendant's car was not operating properly was credible. As a result of this finding, it was proper for the court to rule that the officer had probable cause to stop defendant's car pursuant to section 316.610(1), Florida Statute (1995), which authorizes police officers to stop any vehicle that has equipment not in proper adjustment or repair.[3] Although defendant testified that his turn signal was working, it was the trial court's responsibility to weigh the credibility of the witnesses. See Dooley v. State, 501 So.2d 18, 19 (Fla. 5th DCA 1986).
As for the defendant's argument that the stop was unreasonably prolonged, no testimony or evidence was presented at the hearing to support this argument. Instead, the testimony presented by the state established that the K-9 unit arrived before the officer had an opportunity to present the citation to defendant for his signature. See Cresswell v. State, 564 So.2d 480, 481 (Fla. 1990) (traffic stop must last no longer than the time it takes to write the citation).
Finding no merit in the defendant's claims of error, we affirm his judgments and sentences.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] §§ 893.03(2)(a)4; 893.13(6)(a) Fla. Stat. (1995).
[2] § 893.147, Fla. Stat. (1995).
[3] See also §§ 316.215; 316.222; 316.234, Fla. Stat. (1995).