917 So.2d 894 (2005)
STATE of Florida, Appellant,
v.
Luis A. PEREZ-GARCIA, Appellee.
No. 3D04-1510.
District Court of Appeal of Florida, Third District.
October 12, 2005.
Rehearing and Rehearing Denied January 6, 2006.
*895 Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellee.
Before WELLS, SHEPHERD and CORTIÑAS, JJ.
Rehearing and Rehearing En Banc Denied January 6, 2006.
SHEPHERD, J.
The State appeals an order granting a motion to suppress evidence of possession by appellee, Luis Perez-Garcia, of illegal drugs and driving with a suspended driver's license, the fruits of a stop conducted in Monroe County by Florida State Highway Patrol Trooper G.L. Glenn. Trooper Glenn initiated the stop after he observed Perez-Garcia driving his vehicle with an inoperative left-rear brake light. The trial court concluded that because the vehicle had a functioning right and center stop lamp, the stop was illegal under the Fourth Amendment to the United States Constitution and Article I, section 12 of the Florida Constitution, which in nearly identical language guarantee "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures...." See Amend. IV, U.S. Const.; Art. I, § 12, Fla. Const. For the reasons set forth below, we reverse the decision of the trial court.
The evidence presented in this case consists only of the necessary paperwork reported by Trooper Glenn as a result of the traffic stop. These documents reveal that during the course of a routine patrol near the Village of Islamorada in Monroe County, Trooper Glenn pulled over Perez-Garcia because the left-rear brake light on his Dodge mini-van was inoperative. The vehicle's other two brake lights (the right and middle rear) were fully operative. Upon stopping Perez-Garcia, Trooper Glenn determined his identity through prudent inquiry, and discovered he was driving with a suspended license. Trooper Glenn placed Perez-Garcia under arrest. A search conducted incident to the arrest revealed a small baggie of cocaine in Perez-Garcia's pocket. Perez-Garcia ultimately was charged with driving without a valid license and possession of cocaine. He was not charged with any traffic infraction.
Perez-Garcia argued below and reiterates here that because Florida law, as he construes it, merely requires a motor vehicle in this state be "equipped with two or more stop lamps," see § 316.222(1), Fla. Stat. (2003), and because his vehicle literally complied with section 316.222(1), the stop was unlawful. In further support of his argument, he contends there is no evidence in the record "to suggest that the police had any safety concerns whatsoever" in making the stop.
The State, on the other hand, takes a more expansive view of Chapter 316 of the Florida Statutes, urging that Trooper Glenn was authorized to conduct the stop in this case because the vehicle contained equipment that "was not in proper repair." Although not expressly acknowledged by Perez-Garcia, it would appear that a proper *896 resolution of the issue on appeal is centered on a correct understanding of section 316.610 of the Florida Statutes. The statute in effect at the time Perez-Garcia was arrested reads, in pertinent part:
Safety of vehicle; inspection.  It is a violation of this chapter for any person to drive or move, or for the owner or his or her duly authorized representative to cause or knowingly permit to be driven or moved, on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person or property, or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this chapter, or which is equipped in any manner in violation of this chapter, or for any person to do any act or to perform any act required under this chapter.
(1) Any police officer may at any time, upon reasonable cause to believe that a vehicle is unsafe or not equipped as required by law, or that its equipment is not in proper adjustment or repair, require the driver of the vehicle to stop and submit the vehicle to an inspection and such test with reference thereto as may be appropriate.
(2) In the event the vehicle is found to be in unsafe condition or any required part or equipment is not present or is not in proper repair and adjustment, and the continued operation would probably present an unduly hazardous operating condition, the officer may require the vehicle to be immediately repaired or removed from use....
§ 316.610, Fla. Stat. (2003)(emphasis added).
As the Second District recently noted, section 316.610(1) of this statute
expressly gives a police officer the authority to require the driver of a vehicle to stop and submit the vehicle to an inspection if the officer has reasonable cause to believe that the vehicle is "unsafe or not equipped as required by law or that its equipment is not in proper adjustment or repair."
Hilton v. State, 901 So.2d 155, 157 (Fla. 2d DCA 2005)(en banc), cert. granted, SC05-438 (Fla. Mar. 17, 2005). However, the officer's authority to stop a vehicle is necessarily bounded by the requirement that there be a violation of Chapter 316. Whether a violation has occurred is in turn determined by reference to the unnumbered paragraph of section 316.610 which, "unlike subsection (1) ... actually describes the violation that is necessary for a lawful traffic stop under the Fourth Amendment." Hilton, 901 So.2d at 162 (Northcutt, J., dissenting). The unnumbered paragraph makes it a violation to
drive or move ... on any highway any vehicle [1] which is in such unsafe condition as to endanger any person or property, or [2] which does not contain those parts or is not at all times equipped with such lamps or other equipment in proper condition and adjustment as required in this chapter, or [3] which is equipped in any manner in violation of this chapter, or for any person to do any act forbidden or fail to perform any act required under this chapter....
§ 316.610, Fla. Stat. See also Hilton, 901 So.2d at 162 (Northcutt, J., dissenting).
As was the case in Hilton, the third type of violation is not at issue in this case. On the other hand, if a left-rear brake light is statutorily required, then the stop would be lawful because the stopped vehicle would by definition "lack[] equipment in proper condition and adjustment as required in chapter 316." Hilton, 901 So.2d at 162. The parties to this appeal *897 hotly contest whether a left-rear brake light is statutorily required. Happily for us, however, we are not required to resolve this dispute because we conclude, with the assistance of relevant and well-reasoned authority from our sister courts, that a vehicle traveling the highway with an inoperable brake light is a vehicle in an "unsafe condition" within the meaning of the unnumbered paragraph of section 316.610. See State v. Kindle, 782 So.2d 971, 974 (Fla. 5th DCA 2001)(holding as "clearly lawful" a stop under section 316.610 for unsafe condition where appellee's car was pulling a trailer that had no taillights or license plate); State v. Snead, 707 So.2d 769, 770 (Fla. 2d DCA 1998)(holding that a vehicle was properly stopped where a brake light and a tail light were inoperative); Scott v. State, 710 So.2d 1378 (Fla. 5th DCA 1998)(concluding that officer had probable cause to stop appellant's car pursuant to section 316.610(1) where turn signal on car was not operating properly). We are further supported in our conclusion by the fact that most of the provisions of Chapter 316 of the Florida Statutes, including section 316.610, are non-criminal in nature, designed to advance safe travel on our public thoroughfares rather than to punish for intentional deviancy from societally-defined norms. See, e.g., § 318.14, Fla. Stat. (2003). See generally, 16A Fla. Jur.2d Criminal Law §§ 4334, 4335 (2001).
In reaching our conclusion, we have not overlooked the point stressed by Perez-Garcia that the state did not offer or present evidence to suggest the stop was inspired by a safety concern on the part of Trooper Glenn. However, both federal case law and Florida case law have converged in recent years on the now apparently settled view that an officer's subjective belief as to the safety of the automobile is not grounds for suppression. Whren v. United States, 517 U.S. 806, 812, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)("`the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action'")(quoting Scott v. United States, 436 U.S. 128, 136, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978)); see also Dobrin v. Florida Dep't of Highway Safety & Motor Vehicles, 874 So.2d 1171, 1174 (Fla.2004)("The correct test to be applied is whether the particular officer who initiated the traffic stop had an objectively reasonable basis for making the stop."). In sum, an officer's state of mind, motivation, or subjective intent plays no role in the ordinary probable cause analysis under the Fourth Amendment or Art. I, section 12 of the Florida Constitution. See State v. Ridenour, 453 So.2d 193, 193 (Fla. 3d DCA 1984)(noting the express requirement in Article I, section 12 of the Florida Constitution that it "shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court").
Because Perez-Garcia's vehicle was in an "unsafe condition" within the meaning of section 316.610 of the Florida Statutes, the trial court erred in granting the motion to suppress evidence obtained as a result of the stop. Accordingly, we reverse the decision of the trial court and remand for proceedings consistent herewith.
Reversed and remanded with directions.