921 So.2d 847 (2006)
STATE of Florida, Appellant,
v.
Christopher A. BURGER, Appellee.
No. 2D04-2222.
District Court of Appeal of Florida, Second District.
March 3, 2006.
*848 Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellant.
David J. Migneault, Colorado Springs, CO, for Appellee.
CASANUEVA, Judge.
The State appeals from an order suppressing information obtained from Christopher A. Burger as the result of an unauthorized traffic stop. Charlotte County Sheriff's deputies stopped Mr. Burger's car for a violation of section 316.222(1), Florida Statutes (2004), which requires "[e]very motor vehicle . . . to be equipped with two or more stop lamps meeting the requirements of section 316.234(1)." That section, in turn, requires a motor vehicle to be equipped with rear stop lamps that display "a red or amber light, visible from a distance of not less than 300 feet to the rear in normal sunlight, and which shall be activated upon application of the service (foot) brake." § 316.234(1). The State asserts that Mr. Burger's vehicle did not comport with these statutory requirements and that his stop was justified. However, we conclude, as did the trial court, that the illumination of two of the stop lamps when Mr. Burger activated his brake was sufficient under the statute, and we affirm.
The undisputed facts clearly illuminate the issue. Sheriff's deputies stopped Mr. Burger because one of his "traditional" brake lights was not working. However, in addition to the standard brake lights on each side of the rear of the car, parallel to each other, Mr. Burger's car was also equipped with a third light located high in the center of the car. All three of these lights, when operating, would illuminate a red beam of light when the foot brake pedal was depressed. And, at the time Mr. Burger was stopped, two of the three lights functioned.
Thus, as the trial court concluded, Mr. Burger's car clearly complied with that portion of the statute requiring a vehicle to be equipped with two or more brake lights; in fact, it had three. The issue is whether all three must be operable.
Our analysis begins by examining the statutory language.
When construing a statutory provision, legislative intent is the polestar that guides the Court's inquiry. Legislative intent is determined primarily from the language of a statute. When faced with an unambiguous statute, the courts of this state are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power. This principle is not a rule of grammar; it reflects the constitutional obligation of the judiciary to respect the separate powers of the legislature.
State v. Rife, 789 So.2d 288, 292 (Fla.2001) (internal citations and quotation marks omitted). Section 316.222(1) clearly provides that a motor vehicle must be equipped with two or more stop lamps. When read in conjunction with section 316.234(1), the apposite language requires that two or more stop lamps, when activated, must emit light capable of being seen from a certain distance. Here, the vehicle had two operable rear brake lights and complied with the statute. The statute does not require that the operable lights be parallel to one another but only that they be located in the rear of the vehicle.
The statutory text clearly indicates the legislative intent, and the plain meaning of the words is the primary and most reliable source of interpreting the statutes' meaning. See Rife, 789 So.2d at 292. However, *849 since the enactment of these statutes, most automobiles manufactured today are equipped with three rear brake lights as a standard feature. Nevertheless, it is not the role of this court to rewrite the statute by interpreting it in the manner suggested by the State, which is to require that all three brake lights be operable. If the Florida Legislature so desires, it may amend these statutes to reflect current manufacturing standards and to implement a new public policy.
Affirmed.
ALTENBERND and VILLANTI, JJ., Concur.