HAZOURI, J.
The State appeals the trial court’s suppression of John Cubic’s breath test results in a prosecution for driving under the influence. We affirm.
Cubic was charged with one count of felony driving under the influence and one count of felony driving while license permanently revoked, arising out of a traffic stop by Broward Sheriffs Office (BSO) in Pompano Beach on July 28, 2004. Cubic submitted to a breath-alcohol test. His breath-alcohol level was 0.098, which rendered him guilty of driving a motor vehicle with an unlawful breath-alcohol level. See § 316.1934(2)(c), Fla. Stat. (2004) (providing: “If there was at that time a blood-alcohol level or breath-alcohol level of 0.08 or higher, that fact is prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his or her normal faculties were impaired. Moreover, such person who has a blood-alcohol level or breath-alcohol level of 0.08 or higher is guilty of driving, or being in actual physical control of, a motor vehicle, with an unlawful blood-alcohol level or breath-alcohol level.”).
Since July 29, 2001, Florida Department of Law Enforcement (FDLE) regulations have required the use of distilled or deionized water in monthly agency inspections of breath testing instruments. See Fla. Admin. Code R. llD-8.002(8)-(10) & 11D-8.006(2). In this case, the state filed a Notice of Possible Lack of Strict Compliance with FDLE. Rules, stating:
*608 When performing the Agency Inspection of the Intoxilyer [sic] used in the instant case, tap water and/or filtered water may have been used for the alcohol free and alcohol free with acetone tests which may not be in strict compliance with Rule 11D-8.006 and the Agency Inspection Procedures FDLE/ATP Form 16.
Subsequently, Cubic moved the trial court for an order “suppressing any and all results of a breath test, in that the State used tap water, and not distilled or deionized water as required by law....”
A consolidated evidentiary hearing was held before Judge Peggy Gehl on the issues raised in Cubic’s motion. These issues were also raised by numerous other defendants. Several other judges were present, including Judge Michael Kaplan, the trial judge in the present case.[1] The primary issue at the hearing was whether the State could satisfy its burden under section 316.1932(l)(b)2., Florida Statutes (2004). Section 316.1932(l)(b)2. states:
An analysis of a person’s breath, in order to be considered valid under this section, must have been performed substantially according to methods approved by the Department of Law Enforcement. For this purpose, the department may approve satisfactory techniques or methods. Any insubstantial differences between approved techniques and actual testing procedures in any individual case do not render the test or test results invalid.
§ 316.1932(l)(b)2., Fla. Stat. (2004).
The State presented expert testimony concluding that the use of tap water in the monthly testing of the Intoxilyzer 5000, the device used by BSO to conduct its breath-alcohol testing, would not affect the results in any way. However, the defense expert opined that the use of tap water could interfere with the test and cause a false positive, or artificially elevate a result.
Judge Kaplan granted Cubic’s motion and concluded: “The State has not proved by a preponderance of the evidence that the use of tap water during the monthly testing procedures represented an insubstantial difference between the methods approved by the Department of Law Enforcement and the actual testing procedures utilized by the law enforcement agency.”
The State argues that the trial court erred in excluding Cubic’s breath test results on the basis that the State failed to prove that the use of tap water during the monthly inspections of the In-toxilyzer 5000 was an insubstantial violation of approved testing methods pursuant to section 316.1932(l)(b)2. We disagree.
“A trial judge’s ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.” Dessaure v. State, 891 So.2d 455, 466 (Fla. 2004) (citing Blanco v. State, 452 So.2d 520 (Fla.1984)). In State v. Flood, 523 So.2d 1180 (Fla. 5th DCA 1988), the defendants filed motions to suppress the results of a breath-alcohol test on the grounds that the machine had been substantially altered without the approval of the Department of Health and Rehabilitative Services. The trial court agreed, excluding the results. Id. at 1180-81. The Fifth District affirmed, recognizing:
The state argues that there was no evidence presented demonstrating that further testing of the 1-3000 was necessary. There was conflicting evidence on this point and a defense expert, Dr, Jensen, stated that he felt the modification was a *609 significant change, requiring recertification. Factual determinations are the exclusive province of the trial judge. Dooley v. State, 501 So.2d 18 (Fla. 5th DCA 1986). Here, the trial judge had the opportunity to observe the witnesses at the suppression hearing, evaluate their credibility and credentials, and observe the modification of the 1-3000. There was, therefore, substantial, competent evidence to support the county court’s conclusion that the 1-3000 required further testing.
Flood, 523 So.2d at 1182-83.
Similarly, the trial judge in the instant case was present at the consolidated evi-dentiary hearing. There, he had the opportunity to hear the conflicting evidence, observe the witnesses, and evaluate their credibility and credentials. He found the defense expert’s testimony more credible than the state expert’s testimony. Because it was his role to make the factual and credibility determinations that gave rise to his conclusion, we find no abuse of discretion.
The State also argues that the trial court erred in not allowing it to try to introduce Cubic’s breath test results through traditional evidentiary techniques. We decline to reach this issue, as it was not preserved. “A legal argument must be raised initially in the trial court by the presentation of a specific motion or objection at an appropriate stage of the proceedings.” Keech v. Yousef, 815 So.2d 718, 719 (Fla. 5th DCA 2002). “The failure to preserve an issue for appellate review constitutes a waiver of the right to seek reversal based on that error.” Id. at 720.

Affirmed.

KLEIN and MAY, JJ., concur.

. Judge Gehl noted: "All the judges have agreed we will be deferring on the motion today and we are each going to rule individually after we've heard all the testimony and read all of the pertinent case law and heard the arguments.”