983 So.2d 578 (2008)
Luis A. PEREZ-GARCIA, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-213.
Supreme Court of Florida.
May 29, 2008.
Bennett H. Brummer, Public Defender, and Harvey Joel Sepler, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, and Lisa A. Davis, Assistant Attorney General, Miami, FL, for Respondent.
PER CURIAM.
We have for review State v. Perez-Garcia, 917 So.2d 894 (Fla. 3d DCA 2005), in which the Third District Court of Appeal expressly relied upon the Second District Court of Appeal's decision in Hilton v. State, 901 So.2d 155 (Fla. 2d DCA 2005) (en banc), quashed, 961 So.2d 284 (Fla. 2007). At the time the Third District issued its decision in Perez-Garcia, Hilton was pending review in this Court. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981).
We stayed proceedings in this case pending our disposition of Hilton. See Hilton v. State, 961 So.2d 284 (Fla.2007) (quashing the Second District's decision in Hilton, upon which the Third District had relied in Perez-Garcia). When our decision in Hilton became final, we issued an order directing petitioner to show cause why Hilton is not controlling in this case, and thus why the Court should not decline to accept jurisdiction. Upon considering petitioner's response and respondent's reply thereto, we have determined to grant the petition for review in the present case, quash, and remand for reconsideration in light of our decision in Hilton.
Accordingly, we grant the petition for review in the present case. The decision under review is quashed and this matter is *579 remanded to the Third District for reconsideration upon application of this Court's decision in Hilton.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, QUINCE, and CANTERO, JJ., concur.
WELLS, J., dissents with an opinion, in which BELL, J., concurs.
WELLS, J., dissenting.
I dissent from the majority's summary quashing of the Third District Court of Appeal's decision in this case.
First, this case is distinguishable from Hilton v. State, 961 So.2d 284 (Fla.2007). Hilton involved a cracked windshield on the nondriver's side of a vehicle. Here, the case concerns an inoperable taillight.
Second, clearly the district court expressly adhered to the objective test for vehicle stops in accord with Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), and Dobrin v. Florida Department of Highway Safety & Motor Vehicles, 874 So.2d 1171, 1174 (Fla. 2004).
In this case, the district court logically concluded as a matter of law in its straightforward holding, that an inoperable left rear taillight is an objectively "unsafe condition," prohibited by section 316.610, Florida Statutes (2003). This legal conclusion is not in conflict with Hilton, Dobrin, or any other case decided by this Court or any other district court.
BELL, J., concurs.